RECORD NO. 17-1969

# IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

NATIONAL LIABILITY AND
FIRE INSURANCE COMPANY,

*Plaintiff-Appellee,*

v.

STATE FARM FIRE AND
CASUALTY INSURANCE COMPANY,

*Defendant-Appellant,*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA,
ALEXANDRIA DIVISION

**OPENING BRIEF FOR APPELLANT
STATE FARM FIRE AND CASUALTY INSURANCE COMPANY**

Dawn E. Boyce
BANCROFT, McGAVIN,
  HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000
dboyce@bmhjlaw.com

*Counsel for Appellant*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __17-1969__     Caption: __National Liability and Fire Ins. Co. v. State Farm Fire and Cas. Ins.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__State Farm Fire and Casualty Insurance Company__
(name of party/amicus)

_____

who is _____Appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.  Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO

2.  Does party/amicus have any parent corporations? ☐ YES ☑ NO
    If yes, identify all parent corporations, including all generations of parent corporations:

3.  Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
    If yes, identify all such owners:

4.   Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(a)(2)(B))? ☐ YES ☑ NO
     If yes, identify entity and nature of interest:

5.   Is party a trade association? (amici curiae do not complete this question)     ☐ YES ☑ NO
     If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.   Does this case arise out of a bankruptcy proceeding?     ☐ YES ☑ NO
     If yes, identify any trustee and the members of any creditors' committee:

Signature: _____      Date: ___August 29, 2017___

Counsel for: State Farm Fire and Casualty Ins. Co

## CERTIFICATE OF SERVICE
***************************

I certify that on ___August 29, 2017___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____          ___August 29, 2017___
         (signature)                                      (date)

- 2 -

# TABLE OF CONTENTS

CORPORATE DISCLOSURE

TABLE OF CONTENTS........................................................................... i

TABLE OF AUTHORITIES ...................................................................ii

I.    JURISDICTIONAL STATEMENT ......................................... 1

II.    STATEMENT OF ISSUES PRESENTED FOR REVIEW.................... 1

III.    STATEMENT OF THE CASE ............................................... 2

IV.    STATEMENT OF THE FACTS ............................................ 3

V.    SUMMARY OF ARGUMENT................................................ 5

VI.    STANDARD OF REVIEW.................................................... 6

VII.    ARGUMENT....................................................................... 7

    A.    The district court erred as a matter of law in concluding that the excess "other insurance" clause in the National policy was valid, and not rendered void by application of the Virginia Omnibus Statute ...................................................................... 7

    B.    The district court erred as a matter of law in concluding National Liability and Fire Insurance Company's coverage was excess to State Farm Fire and Casualty Company's coverage and that National Liability and Fire Insurance Company did not have an obligation to defend and indemnify its insured on a pro rata basis with State Farm Fire and Casualty Company ........................ 15

VIII.    CONCLUSION ................................................................. 16

IX.    ORAL ARGUMENT........................................................... 16

CERTIFICATE OF COMPLIANCE.................................................. 17

CERTIFICATE OF SERVICE ........................................................ 18

i

# TABLE OF AUTHORITIES

## CASES

*American Motorists Insurance Co. v. Kaplan*,
   209 Va. 53, 161 S.E.2d 675 (1968) .................................................9, 11, 12, 13

*Antilles S.S. Co. v. Members of Amer. Hall Insurance Syndicate*, 733 F.2d
   195 (2nd Cir. 1983)................................................................................8

*Butler v. United States*,
   702 F.3d 749 (4th Cir. 2012) ..............................................................6

*Cargill, Inc. v. Commercial Union Insurance Co.*,
   889 F.2d 174 (8th Cir. 1989) ..............................................................8

*Commercial Union Insurance Co. v. Pesante*,
   459 F.3d 34 (1st Cir. 2006)..................................................................8

*Continental Insurance Co. v. State Farm Fire & Casualty Co.*,
   238 Va. 209, 380 S.E.2d 661 (1989) ......................................9, 10, 11

*Drager v. PLIVA U.S.A., Inc.*,
   741 F.3d 470 (4th Cir. 2014) ..............................................................6

*Government Emples. Insurance Co. v. Moore*,
   266 Va. 155, 580 S.E.2d 823 (2003) .............................................8, 13

*Government Emples. Insurance Co. v. Universal Underwriters Insurance
   Co.*, 232 Va. 326, 350 S.E.2d 612 (1986) ........................................13

*Hardware Mutual Casualty Co. v. Celina Mutual Insurance Co.*,
   209 Va. 60, 161 S.E.2d 680 (1968) .......................................11, 14, 15

*Molina v. TL Dallas (Special Risks), Ltd.*,
   547 F. Supp. 2d 102 (D.P.R. 2008) .....................................................8

*Nationwide Mutual Fire Insurance Co v. Erie Insurance Exch*,
   293 Va. 331, 798 S.E.2d 170 (2017) .................................................13

ii

*State Farm Fire & Casualty Co. v. Scott*,
    236 Va. 116, 372 S.E.2d 383 (1988) ............................................................10

*Wilburn Boat Co. v. Fireman's Fund Insurance Co.*,
    348 U.S. 310, 75 Sup. Ct. 368, 99 L. Ed. 337 (1955) ......................................8

## STATUTES & RULES

28 U.S.C. § 1291 ...............................................................................................1
28 U.S.C. § 1333 ...............................................................................................1
28 U.S.C. § 2201 ...............................................................................................1

Va. Code § 38.2-2204 ...........................................................................2, 4, 5, 7, 10
Va. Code § 38.2-2204 (A) ...........................................................................3, 10
Va. Code § 38.2-2204(D) ...................................................................................10
Va. Code § 38.2-2204(E) .....................................................................................6

Fed. R. Civ. P. 12(c) .............................................................................................6

iii

## I.     JURISDICTIONAL STATEMENT

The district court had jurisdiction pursuant to 28 U.S.C. § 1333 and 28 U.S.C. § 2201, because this dispute involves a request for a declaration of duties and obligations under policies of marine insurance for an accident occurring on navigable waters of the United States.

This court has jurisdiction under 28 U.S.C. § 1291, as this is an appeal from a final order and judgment granting plaintiff/appellees' Motion for Judgment on the Pleadings.  The final order and judgment were entered by the district court on July 20, 2017.  The Notice of Appeal was filed on August 17, 2017.

## II.     STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.     Did the district court err as a matter of law in concluding that the excess "other insurance" clause in the National Liability and Fire Insurance Company policy was valid, and not rendered void by application of the Virginia Omnibus Statute?

2.     Did the district court err as a matter of law in concluding that National Liability and Fire Insurance Company's coverage was excess to State Farm Fire and Casualty Company's coverage and that National Liability and Fire Insurance Company did not have an obligation to defend and indemnify its insured on a *pro rata* basis with State Farm Fire and Casualty Company?

## III.    STATEMENT OF THE CASE

National Liability and Fire Insurance Company (hereinafter "National Liability") brought suit in the Eastern District of Virginia, United States District Court, seeking an interpretation of two marine insurance policies' "other insurance" provisions and a declaration of the rights, duties, and obligations of the insurers to the named insured for bodily injury claims arising from a boating accident.  National Liability sought a judgment from the court declaring that:  (1) State Farm Fire and Casualty Company's[1] (hereinafter "State Farm") policy provided sole primary coverage to the named insured for the bodily injury liability claims at issue, and (2) that National Liability had no duty to defend the named insured, and a duty to provide indemnification only after the policy limits of State Farm were exhausted.

As there were no material facts at issue following the filing of State Farm's Answer, State Farm filed a Motion for Judgment on the Pleadings seeking a declaration that the "other insurance" clause in the National Liability policy violated the mandate of Va. Code § 38.2-2204, was void as it operated to limit coverage to the insured, and that National Liability should share on a *pro rata* basis with State Farm in the defense and indemnification of the named insured.  National

---

[1] There is a misnomer in the style of the case identifying the insurer as State Farm Fire and Casualty Insurance Company.

Liability opposed the motion and filed a Cross-Motion for Judgment on the Pleadings.

The district court found that the "other insurance" clause in the National Liability policy was a valid clause that did not violate the mandate of Va. Code § 38.2-2204 (A) and (E), and reconciled the "other insurance" clauses of the policies such that State Farm had the sole duty to defend and that its policy had to be exhausted before National Liability had any obligations with regard to the claims against the insured.

From this judgment, State Farm appeals.

## IV.    STATEMENT OF THE FACTS

On August 7, 2016, a private pleasure watercraft owned and operated by Dmitry Bocharnikov (hereinafter "Bocharnikov" or "named insured") was involved in an accident. A. 5-6, 11 ¶¶ 2, 11[2]. Two passengers on board were injured and asserted personal injury claims against Bocharnikov. *Id*. at ¶¶ 2, 17). *Id*. At the time of the accident, State Farm insured Bocharnikov's boat under marine Policy 46-VZ-F304-1. A. 48-62. National Liability insured the same watercraft under Policy 3911447. A. 11-46. Bocharnikov is the named insured for each policy. A. 11, 48. Both policies are liability policies issued in the Commonwealth of Virginia to cover bodily injury arising from the ownership,

---

[2] Citations to Appendix.

maintenance, or use of the named insured's watercraft and are governed by the

Virginia Omnibus Statute, Va. Code § 38.2-2204.  A. 11-46, 48-62, 102.

The State Farm policy provides as follows:

**SECTION I AND SECTION II - CONDITIONS**

8.    **Other Insurance**

If a loss covered by this policy is also covered by other insurance, we will use this formula to determine our payment:

a.    Divide the applicable coverage limit of this policy by the total amount of insurance covering the loss;

b.    Multiply the result by the amount of loss;

c.    The answer is our amount of payment.

Other insurance does not apply under Section II to Watercraft Medical Payments.

A. 58.

This provision provides *pro rata* obligation for coverage of the

indemnification and defense of the named insured.

The National Liability Virginia Endorsement provides:

6.    In the **General Conditions** section titled Other Insurance is amended to read:

If there is any other available insurance that would apply in the absence of this policy, this insurance shall apply as excess over the other insurance, unless such other insurance also provides that it will respond on an excess basis in the event of other insurance, in which case this insurance will respond on a pro-rata basis, but the combined amount shall not exceed the limits

4

of the policy for any loss under **Coverage A - Boat and
Boating Equipment or Coverage E - Boat Trailer.**

A. 15.

Both policies include a "Conformity to Law" provision.  State Farm's policy

reads:

> 10.  **Conformity to State law.**  When a policy provision is in
> conflict with the applicable law of the State in which this policy
> is issued, the law of the State will apply.

A. 59.

National Liability's policy endorsement provides:

> 8.    In the **General Conditions**, a section titled **Conformity to
> Law** is hereby added:
>
> > Any terms of this policy that conflict with the laws of the
> > state where this policy is issued are hereby amended to
> > conform to such laws.

A. 15.

## V.    SUMMARY OF ARGUMENT

Both policies are governed by Va. Code § 38.2-2204 (the "Omnibus
Statute"), and each contain "other insurance" clauses.  State Farm's policy does not
limit the availability of coverage to circumstances where no other policies exist or
where other available coverage has been exhausted, so to avoid payment for certain
claims.  Rather it provides a formula for payment of defense and indemnification
for the insured in the event other policies provide coverage for the same loss.

There is no condition that must be met for coverage to be triggered under its "other insurance" clause.

In contrast, National Liability's "other insurance" clause violates the mandate of Va. Code § 38.2-2204(E), which prohibits any limitation on coverage, as it allows National Liability to escape its obligations to the insured, both by negating its obligation to defend, if other insurance exists, and by limiting claims which trigger its obligation to indemnify the insured to those which exceed the limits of other available coverage.

The court should find as a matter of law that National Liability's "other insurance" clause is void and that the policies share on a *pro rata* basis the obligation to defend and indemnify the named insured for the bodily injury claims asserted.

## VI.    STANDARD OF REVIEW

A district court's ruling on a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, is *de novo*, applying the same standard as for a Rule 12(b)(6) motion.  *Drager v. PLIVA U.S.A., Inc.*, 741 F.3d 470 (4th Cir. 2014), citing *Butler v. United States*, 702 F.3d 749, 751 (4th Cir. 2012).

6

## VII. ARGUMENT

### A. The district court erred as a matter of law in concluding that the excess "other insurance" clause in the National policy was valid, and not rendered void by application of the Virginia Omnibus Statute

The district court erred in finding that National Liability's "other insurance" clause was not a limitation on coverage in violation of the Omnibus Statute. The district court limited its analysis to whether there was a *reduction* in the policy limits, rather than a limitation on the coverage provided. Both limitations on and reductions of coverage violate the Omnibus Statute and render the violating clause void.

Va. Code § 38.2-2204, states in relevant part:

A. No policy or contract of bodily injury or property damage liability insurance, covering liability arising from the ownership, maintenance, or use of any motor craft, aircraft, or private pleasure watercraft, shall be issued or delivered in this Commonwealth to the owner of such vehicle, aircraft or watercraft . . . , unless the policy contains a provision insuring the named insured, . . ., against liability for death or injury sustained, or loss or damage incurred within the coverage of the policy or contract as a result of negligence in the operation or use of such vehicle, aircraft, or watercraft by the named insured or any such person. . . .

E. Any endorsement, provision or rider attached to or included in any such policy of insurance which purports or seeks to limit or reduce the coverage afforded by the provisions required by this section shall be void. . . .

The above statutory provision, referred to as the "omnibus clause", expresses the legislative intent that policies of insurance issued pursuant to its

7

provisions will be primary and that any provisions in the policy that attempt to reduce or limit coverage are void. The statute does not just preclude endorsements that reduce the amount of coverage available, but expressly prohibits any clause that seeks to "limit . . . coverage" afforded by the statutory mandate. State Farm's policy complies with the statute. National Liability's policy violates this provision by limiting when or if the coverage will be provided and limiting the insurer's obligation to defend.

There was no dispute below regarding choice of law. Virginia law applies to the interpretation of these insurance contracts.[3] The application of the Omnibus Statute in the interpretation of the meaning or validity of an insurance policy is limited to cases involving liability contracts covering owned vehicles, aircraft and watercraft. It is not applicable to general liability policies, including umbrella policies, or liability coverage on non-owned vehicles. See *Government Emples. Ins. Co. v. Moore*, 266 Va. 155, 162, 580 S.E.2d 823, 826-7 (2003)(In case

---

[3] In the absence of established governing federal admiralty law, state law controls the interpretation of policies of insurance. See *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 321, 75 Sup. Ct. 368, 99 L. Ed. 337 (1955); *Commercial Union Ins. Co. v. Pesante*, 459 F.3d 34, 37 (1st Cir. 2006); *Molina v. TL Dallas (Special Risks), Ltd.*, 547 F. Supp.2d 102 (D.P.R. 2008) (interpretation of marine insurance policy based upon state law); *Antilles S.S. Co. v. Members of Amer. Hall Ins. Syndicate*, 733 F.2d 195 (2nd Cir. 1983) (issues of burden of proof and general rules of insurance policy interpretation are governed by state law); and *Cargill, Inc. v. Commercial Union Ins. Co.*, 889 F.2d 174 (8th Cir. 1989) (interpreting Other Insurance clauses of insurance policies pursuant to applicable state law).

involving umbrella policy, court held even if general liability policy provides coverage for claims involving motor vehicle, aircraft or watercraft, it "does not come within the ambit omnibus clause, because not written on the car, plane or boat."); *American Motorists Ins. Co. v. Kaplan*, 209 Va. 53, 58, 161 S.E.2d 675 (1968)("The Omnibus statute . . . does not require coverage to be afforded a permissive user of non-owned vehicle).

This distinction is critical to an examination of the Virginia Supreme Court cases addressing the validity of excess clauses. The district court failed to make this distinction and, in doing so, ignored the Supreme Court's holding in *Continental Ins. Co. v. State Farm Fire & Cas. Co.*, 238 Va. 209, 380 S.E.2d 661 (1989), in its analysis of whether National Liability's "other insurance" clause violated the omnibus statute.

In *Continental Ins. Co.*, a boat, insured under a yacht liability insurance policy issued to the boat's owner, struck an individual, while operated by a permissive user. 238 Va. at 210, 380 S.E.2d at 662. The boat's owner also had a homeowner's policy that included coverage for liability arising out of the operation of a boat, but which was not written on the boat involved in the accident. *Id*. Both policies limited coverage to liability claims in excess of other available coverage. *Id*. Similar to National Liability's "other insurance" clause in this case, Continental's marine liability policy provided, "this insurance shall apply as excess

9

over . . . other insurance." *Id*. State Farm's homeowner's general liability policy also stated that its coverage "shall be excess insurance over any other . . . insurance." *Id*. Neither policy contained an escape provision, such that no duty to defend or indemnify would exist if other collectible insurance was available. See *State Farm Fire & Casualty Co. v. Scott*, 236 Va. 116, 372 S.E.2d 383 (1988)(describing escape provisions as no liability provisions allowing a carrier to avoid both its obligations to defend and indemnify). Neither policy contained a provision to reduce the available limits of coverage, under the respective policies: the policy limits remained the same no matter what other coverage existed.

The boat liability insurer, Continental, settled the case and sought contribution under the homeowner's policy from State Farm. 238 Va. at 211, 380 S.E.2d at 662. Continental argued that the excess insurance clauses in the two policies were mutually repugnant, that each was void under subparagraph D [now E] of Va. Code § 38.2-2204, and accordingly, that both policies must contribute equally to the settlement. *Id*.

The court agreed that the issues raised were controlled by the Omnibus Statute. *Id*. 238 Va. at 211, 380 S.E.2d at 662. *Id*. After quoting Va. Code § 38.2-2204(A) and (D), now (E) and finding that the Continental policy was a liability policy issued to the owner of the watercraft subject to the Omnibus Statute, the court held:

10

> Because Continental's policy contained a 'provision which purports or seeks to limit or reduce the coverage', that provision, *the excess insurance clause*, is 'void' under subparagraph D.

Id 238 Va. at 212, 380 S.E.2d at 663 (emphasis added).

In contrast, the court in *Continental* concluded that the almost identical "other insurance clause" in State Farm's general liability homeowner's policy was valid, because that policy was not issued to an owner of a watercraft as contemplated by the statute, so was not controlled by the Omnibus Statute. *Id*.

In so holding, the Virginia Supreme Court addressed the precise issue in this appeal and declared that excess clauses, like the one in the National Liability policy, are limitations on coverage and void in policies controlled by the Omnibus Statute.

In an attempt to circumvent the holding of the Virginia Supreme Court in *Continental*, National Liability argued to the district court that a determination of the issues in this case were controlled by two motor vehicle cases involving substitute automobiles, *Am. Motorists Ins. Co. v. Kaplan*, 209 Va. 53, 161 S.E.2d 675 (1968) and *Hardware Mut. Cas. Co. v. Celina Mut. Ins. Co.*, 209 Va. 60, 161 S.E.2d 680 (1968), and persuaded the court that based on these cases, the Omnibus Statute only voids escape/no liability clauses, and does not void excess clauses. The cases cited were decided before the Virginia Supreme Court issued its decision

11

in the *Continental* case and support rather than compel a departure from the plain

holding in *Continental* based on the facts of this case.

In *Kaplan*, the vehicle in question was owned by a motor company that gave

permission to the operator to test drive the insured vehicle.  209 Va. at 54, 161

S.E.2d at 676.  During the test drive, an accident occurred.  *Id*.  The motor

company insured the vehicle under a garage policy.  *Id*.  The garage policy

included an escape clause, which limited coverage to circumstances where there

was "no other valid and collectible liability insurance  . . . is available to such

person".  209 Va. at 55, 161 S.E.2d at 677.

The operator was also covered under a standard family automobile liability

policy issued to his stepfather.  209 Va. at 54, 161 S.E.2d at 677.  Unlike the motor

company's policy, the stepfather's policy was not issued to the owner of the

vehicle in the accident; rather it provided "other insurance" with respect to

temporary substitute vehicles or non-owned vehicles on an excess basis.  209 Va.

at 55, 161 S.E.2d at 677.

The court defined the dominant issues as whether the exclusionary provision

in the garage policy was valid in light of the omnibus clause and, if so, to what

extent was it applicable to the accident.  209 Va. at 56, 161 S.E.2d at 677-678.

To resolve the issues, the court held "liability of each company must be

determined by the terms of its own policy, subject to such modification as may be

imposed by statute". 209 Va. at 56, 161 S.E.2d at 678. The first question therefore is does the omnibus statute govern the interpretation of the policy. In *Kaplan,* the court found that the statute controlled the garage policy issued on the vehicle, but not the policy for coverage related to operation of a non-owned automobile. 209 Va. at 58, 161 S.E.2d at 679.

Having determined the omnibus statute only applied to one of the policies, the court concluded that the escape provision in the owner's policy was void, but found that the excess provision in the personal auto policy was "a valid *limitation* of coverage" because the omnibus statute "does not require that coverage be afforded a permissive user of a non-owned vehicle. It only requires that the owner's policy extend coverage to a permissive owner for liability 'resulting in the operation or use of such [owner's] vehicle' . . .". *Id*. (emphasis added).

The court's description of the excess clause as a limitation is consistent with the court's holding in *Continental*, and compels the same, not a contrary, result here. See also *Government Emples. Ins. Co. v. Moore*, 266 Va. 155, 162, 580 S.E.2d 823, 827 (2003)( In *Continental*, we held that only the policy "issued upon 'watercraft'" violated the omnibus statute); *Government Emples. Ins. Co. v. Universal Underwriters Ins. Co.*, 232 Va. 326, 329, 350 S.E.2d 612, 614 (1986)(characterizing excess clause as an excess insurance escape clause); *Nationwide Mut. Fire Ins. Co v. Erie Ins. Exch*, 293 Va. 331, 798 S.E.2d 170

13

(2017)(applying the general rule of *pro rata* distribution to two umbrella policies with "other insurance" excess insurance provisions because the clauses "are of identical effect in that they operate mutually to reduce or eliminate the amount of collectible insurance available").

In *Hardware Mut. Cas. Co.*, decided the same day, the issues before the court were whether "other insurance" clauses in two policies of insurance were valid, and the priority of such coverage for an accident arising from the operation of a "temporary substitute automobile".  209 Va. at 61, 161 S.E.2d at 680.  The vehicle, owned by an automobile sales agency, was insured by a garage liability policy.  *Id*.  The agency had loaned the vehicle to a customer, whose employee was involved in an accident, while operating the vehicle.  209 Va. at 61, 161 S.E.2d at 681.  The customer also had its own coverage, which provided "other insurance" on an excess basis for "temporary substitute automobiles".  *Id*.  The customer's policy was not a liability policy issued to the owner of the vehicle involved, but provided coverage for substitute automobiles operated by the customer.  209 Va. at 62, 161 S.E.2d at 681-682.  The garage policy, issued to the owner of the vehicle, included an escape provision with regard to permissive users, so that coverage was only afforded if "no other valid and collectible liability insurance . . . is available to such person".  *Id*.

The court, relying on its holdings in *Kaplan,* found that the escape provision was void under the omnibus clause which controlled the interpretation of the policy covering the owned auto and upheld an excess provision in the policy providing coverage for non-owned substitute automobiles, which was not covered by the omnibus statute.  209 Va. at 62-63, 161 S.E.2d at 682.

Here the National Liability policy is governed by the Omnibus Statute.  The excess provision is therefore not "a valid *limitation* of coverage".  It limits the insurer's duty to defend and the claims for which indemnification will be provided.  Accordingly, like the excess clause in *Continental*, National Liability's "other insurance" clause is void.

**B. The district court erred as a matter of law in concluding that National Liability and Fire Insurance Company's coverage was excess to State Farm Fire and Casualty Company's coverage and that National Liability and Fire Insurance Company did not have an obligation to defend and indemnify its insured on a pro rata basis with State Farm Fire and Casualty Company.**

Because the National Liability is void, the district court erred in attempting to reconcile the "other insurance"  clauses and in concluding that the National Liability policy had no obligation to defend the named insured and an obligation to indemnify only after the exhaustion of the State Farm policy limits.  Once the "other insurance" clause in the National Liability policy is voided, there are not dissimilar or mutually repugnant clauses to reconcile.  The only valid "other insurance" clause is in the State Farm policy which provides a *pro rata* formula to

15

calculate the respective insurers contributions for the defense and indemnification of the named insured.

## VIII.  CONCLUSION

WHEREFORE, State Farm Fire and Casualty Company seeks reversal district court's judgment in favor of National Liability and Fire Insurance Company, and judgment in State Farm Fire and Casualty Company's favor with a finding that both insurers must contribute to defense and indemnification of the named insured on a *pro rata* basis, and that National Liability and Fire Liability Company has liability coverage limits of $100,000.00 per person per accident and $300,000.00 aggregate per accident, and $5,000.00 in medical expense coverage per person per accident, and State Farm Fire and Casualty Company has liability coverage limits of $300,000.00 per accident and $2,000.00 per person per accident in medical payment coverage.

## IX. ORAL ARGUMENT

Oral argument is respectfully requested.

**STATE FARM FIRE AND
CASUALTY COMPANY**

 /s/
Dawn E. Boyce, Esquire
VSB #32923
BANCROFT, McGAVIN,
 HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone: (703) 385-1000
Facsimile:  (703) 385-1555
Email: dboyce@bmhjlaw.com
*Counsel for Appellant*

16

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App.
   32(a)(7)(B) because:

   The word count of this brief is <u>3,709</u>.

2. This brief complies with the typeface requirements of Fed. R. App. P.
   32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   This brief has been prepared in a proportionally spaced typeface using
   <u>Microsoft Word, Times New Roman, 14 point</u>.

October 31st, 2017

<u>/s/</u>_____

Dawn E. Boyce, Esquire

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this October 31st, 2017, filed the foregoing Brief of Appellant using the Court's CM/ECF system which will send notification of such filing to the following counsel:

Christopher A. Abel
Justin G. Guthrie
WILLCOX & SAVAGE, PC
Wells Fargo Center
Suite 2200
440 Monticello Avenue
Norfolk, VA 23510
(757) 628-5500
cabel@wilsav.com
jguthrie@wilsav.com

/s/_____
Dawn E. Boyce, Esquire

18